The final case we have for our argument is Uhl v. Roblox. Andrew Pincus Good morning and may it please the court, Andrew Pincus for Roblox. I'd like to reserve three minutes for rebuttal. The district court erred by holding that Mr. Uhl did not agree to arbitrate and that Roblox waived its right to enforce the arbitration agreement. The court should reverse because the record establishes that Uhl agreed to arbitrate and or at a minimum that a trial was required and Roblox did not waive arbitration. Also, plaintiffs cannot rehabilitate the denial of arbitration by asserting that Roblox's website and app were not properly designed. They didn't provide sufficient notice that he was agreeing to the arbitration agreement that design complies fully with this court's precedents. I'd like to begin, if I may, with the agreement to arbitrate. Well, if you don't mind, can you start with waiver? Sure. Happy to start with waiver, Your Honor. This court's waiver decisions has – there are two parts to the waiver inquiry. What the court has said is there has to be an existing right, knowledge of its existence and an actual intention to relinquish it, or conduct so inconsistent with the intent to enforce that right as to endorse – induce a reasonable belief that it has been relinquished. So that's a pretty demanding standard. We've held that filing a motion to dismiss in the court is acting inconsistent with the right to arbitrate. Well, the court has held that in conjunction with other factors. The court hasn't said just the filing of a motion to dismiss by itself is enough, and we think the critical issue here is that in the motion to dismiss, Roblox put the court and the parties on notice that it wanted to enforce its arbitration right, that it sought the critical information that it needed. But there's a procedure for that. You could have – you were supposed to seek discovery under NAPQA. I'm not sure how to pronounce that, K-N-A-P-K-E. You were supposed to seek discovery in order to enforce your right to arbitrate, but instead you chose to file a motion to dismiss. Well, NAPQA actually, Your Honor, just to disagree, doesn't say you have to seek discovery. What NAPQA says is actually you can file without seeking discovery, and then if the motion is denied, you can then seek discovery. And here we couldn't file the motion in the first instance because we needed a critical piece of information. Nothing in this court's precedent says either you have to file a futile motion. That's exactly what NAPQA is anticipating. You file your motion, and then you seek discovery so that you can actually show what you wanted to show. Well, I think NAPQA doesn't say that you have to file a futile motion. There are Rule 11 and other reasons why that might be inappropriate, and there are precedents of this court that have said that that's not what parties have to do. A suspicion that a right to arbitrate exists is not enough, the court has said. The court has said you need actual knowledge. You have more than a suspicion. Your whole argument is that there are these very clear agreements, and you just needed to know which usernames were involved. I think as the debate about the agreement to arbitrate indicates, there are sort of two questions. What mechanism was used to purchase the Roebucks? There were a variety of mechanisms. They have different tools, and also in this context in particular, there's the question of whether the account was established by a child or by an adult or whether if a child made the purchases, they had authorization of adult. Both of those claims are made here. So what we needed to get was the username to find out what the transactions were and then to pose as we did the question, did you authorize these transactions? For all information you could have obtained by filing your motion saying we believe we have these arbitration agreements and now we need to seek discovery. I think we could have done that, Your Honor, but nothing in this court's cases require that. When you then instead file a motion to dismiss seeking a merits ruling, that is inconsistent. That is literally what we have said is inconsistent with pursuing your right to arbitrate. Well, respectfully, Your Honor, I don't think so because the court has never said it's inconsistent in the circumstance where the party expressly preserves its right. This is a waiver question, and I think the question is, is the court going to impose an affirmative obligation to go to formal discovery, which is basically what the argument is when all of the incentives that the court should structure should be for parties to resolve these issues informally. If the court says you have to move to formal discovery, that means that in every case there's going to have to be formal discovery. That puts a burden on the parties. During the relevant period, 2018 to 2023, was there a way someone could sign up to Roblox or buy Robux without agreeing to an arbitration clause? Yes, there is a way that if a gift card was purchased and then not implemented by the person who purchased it, then that would not be true. And there's a second point. I mean I'm not sure how Robux works, but I get Amazon gift cards. When I validate that you put in the code, there's always a check. I agree to the terms and conditions. So even if you get a Robux card as a gift, you have to input that in to cash it out. And I don't know what it is here, but I assume there's going to be I agree to terms and services, which has presumably an arbitration clause. But I think the critical issue here, Your Honor, is both the mechanism and there were also – at some of the relevant times, there were arbitration opt-out provisions. So my question is – I did look at the arbitration opt-out. You have to actually within 30 days send a letter via Federal Express or a certified mail saying opt-out. I bet there's like zero people who did that in 2018. But we couldn't know whether I was tied to the username, and that sort of relates to the way that Roblox is different than other kinds of online accounts that you sign up for. Roblox doesn't ask for names. All you have to do is submit a username. It doesn't ask for actual names. It doesn't ask for addresses. It's a different kind of sign-up process. So without the username, it's impossible to know what transactions occurred or how they occurred, and that's the critical question for enforcing the arbitration. But you have an arbitration clause in everything here, and I just – so I think you knew that you had an arbitration clause. Maybe you didn't know the user ID, but it was clear there is an arbitration clause. And if you know there's an arbitration clause, it seems like it's incumbent on – and I know you weren't the counsel at the district court. But it seems incumbent to seek discovery to find out more information to enforce it when you're pretty sure, 99 percent sure there's an arbitration clause in here. I think the problem is, again, this is a context of a website used principally by kids. And so the question is, is there an adult – there has to be an adult sign-up, right? That's necessary for enforceability. So that's why it's essential to sort of find out what purchases were made and how they were made and then to pose the kind of question that we ended up having to pose in this litigation. Okay. I mean if you have – you could have filed a motion to arbitrate from the start, it seems like. I don't think so, Your Honor. I think all the complaint says is that they spent money. It doesn't say that Mr. Ewell made any transactions on the website. It says he spent money. And we don't think that would be enough for us to say that he actually engaged in a transaction or authorized his children to engage in a transaction. So that's why from the beginning when the complaint was filed, we informally asked the plaintiffs for the username. All we wanted was the username. The problem is when you did finally file – want to file the motion to compel, you emailed – someone emailed plaintiffs' counsel and said we're going to file this. If you can provide the username, that would be helpful. But if not, we're going to move forward and compel arbitration. So you could have done that from the start. I think we were trying to resolve things informally, Your Honor. I mean that's typically how these things work in discovery generally and in discovery in this context is courts try to formulate rules that will lead people to resolve things informally. So here we, at the very beginning of the litigation, asked for the username. In the motion to dismiss, we flagged for the court and for the plaintiffs that we just needed the username and that we were going to move to arbitrate. And we got stonewalled. And I think the question is why should that be the basis for a waiver, which is some affirmative act by us where the court has intentional waiver, intentional relinquishment. The court has said a known right. We did not know at that point what the right was. And so what the district court did is – There's clearly no case that says the failure to seek discovery or things of this nature constitutes waiver, right? I think that's the critical question. There was nothing that put Roblox on notice that pursuing this informal mechanism, which is what people do all the time, was going to be used against them. It's not the pursuing of the informal mechanism. It's the motion to dismiss. It's asking the court, not an arbitrator, to resolve merits issues. And that's what the waiver doctrine is intended to say is you can't go to the court and ask the court for a merits ruling and then say we were never supposed to be in court in the first place. You either – it's a choice of forum. So you are choosing to ask the district court, not an arbitrator, to rule on the merits of an issue. I'm sorry, Your Honor. And that is what is inconsistent with your whole position, that you're not supposed to be in court in the first place and that the judge should not be the one deciding these issues. But I think the critical question is this court has never said that. This court has said it is a holistic inquiry. When this court has found that filing of a motion to dismiss constitutes waiver, it's found other factors, including that there was no flagging earlier in the litigation that the party was pursuing – that the party wanted to pursue litigation. And, in fact, there are several cases, ESO, which we cite in our opening brief on page 60, global security, Armstrong, Valley in the Third Circuit, all cases in which a motion to dismiss was filed and which the court didn't find waiver because the party had flagged that it wanted to pursue arbitration. But it was unable to for some reason. So there's nothing in this court's cases, just like there's nothing that says you must pursue formal discovery immediately, there's nothing in this court's cases that says automatically that the filing of a motion to dismiss constitutes a waiver. That would be a new rule and, I think, totally inconsistent with this court's standard, which says there has to be a holistic inquiry. I also think, just to step back for a minute, requiring that rule creates some problems with the FAA. The FAA says you can't treat arbitration agreements different – the rights that are conferred differently than other agreements. We're not aware of cases where this court says to preserve a contractual right. The court – the party has to pursue informal discovery to preserve that right even if it doesn't know of the right. So I think there would be significant problems in saying, A, under the FAA that says that there's some rule that requires formal discovery to happen immediately. As we say in our brief, there are some significant questions about when arbitration has to be raised. It was raised early here. The Missouri Supreme Court has said it only has to be raised in the answer because that's when affirmative defenses have to be raised and it can't be treated worse than other affirmative defenses. And finally, I think a rule that says absolutely the filing of a motion to dismiss constitutes waiver would treat the arbitration right also differently than other kinds of contractual rights, which don't have to be raised before a motion to dismiss. And so I think that too would be in very significant tension and prohibited by the FAA. Can I ask one other question? Do you agree that you could seek under the FAA discovery before filing the motion to compel? It's not statutorily based. At least I don't see it there. There's nothing in the statute that says so. I think it would be up to the discretion of the district court. I think in the real world of litigation, there are also tactical questions. In this case, for example, when the parties engaged on discovery, the plaintiff's initial position was, well, if we're going to have discovery, we have to have merits discovery too. I think parties are worried that if they force the issue of formal discovery before the filing at the outset, they will open themselves up to merits discovery, which is obviously impermissible under the FAA. So I think that's another reason why having this rule really creates a burden on arbitration rights that doesn't fit, that is unprecedented in this court's cases, and as I say, I think would be squarely inconsistent with the FAA. I mean if you had a dispute about the scope of discovery, why wouldn't you go to the court and say we want discovery for the limited purpose of pursuing our right to arbitrate? Because we believe we have a right to arbitrate, but we need to verify that through discovery. I think that ended up happening here, but I think the question is what requires that to happen at the initial stages of the case? Why is arbitration different? Why does that – Because it's a choice of form. I mean that's the whole point of the arbitration, the right to arbitrate is your right to be before an arbitrator, not in court. I think that's right, Your Honor, but I think first of all, there are contractual choice of form rules. I'm not aware that to initiate a contractual choice of form rule, there's a rule that says you have to engage in discovery up front. But it also – what the FAA says is the arbitration right has to be treated the same as other contractual rights and certainly other contractual rights that might preclude liability don't have to be raised in that way. So I think there are real questions. There can't be waiver because the whole point is that if you're litigating inconsistent with your right to be in a different forum, that's a waiver. I guess we have a disagreement, Your Honor, because I think what the court has said is the filing of a motion to dismiss by itself is not sufficient to show waiver. What the court has looked at is other things and what the court has said is the filing of a motion to dismiss when there is no preservation, no indication that the party is interested in pursuing arbitration, that's the problem. Also, when there's a filing of a motion and the court and the party engages in other activities, post-litigation discovery, protective orders, things like that. We don't know – the court has rejected in the cases that I cited the argument that the mere filing of a motion to dismiss is enough, and that's especially true here where the party preserved its right. I think what the district court did is to put affirmative burdens on preserving the right to arbitration, not finding waiver because waiver, as the court has said, requires a known right and requires intentional relinquishment or acting inconsistent. And we wanted to arbitrate. We made it clear from the initial request for the usernames. We made it clear in the motion to dismiss. We just didn't get the information. And as soon as we got the information, within two weeks, we filed the arbitration motion. Great. Thank you. I know we asked a lot of questions, so you get two extra minutes. Thank you. May it please the court. Jennifer Bennett on behalf of Mr. Uhl. I'll start where we just left off with waiver, and I'll just quote this court's case law. This is in Armstrong. Neuwirth makes the same point. Martin makes the same point. Obviously, obviously, seeking a decision on the merits of a key issue in a case indicates an intentional and strategic decision to take advantage of the judicial forum. That's what this court has held over and over and over again. And what Roblox argues – I think Roblox makes two arguments. One is that a motion to dismiss isn't enough. That is correct if you – under a couple circumstances. So one circumstance is you make a procedural motion to dismiss. So, for example, motion to dismiss for lack of subject matter jurisdiction. If the court doesn't have subject matter jurisdiction, the court can't compel arbitration. And this court's decision in Martin makes this distinction. And after making this distinction, what Martin says is a motion to dismiss on the merits can be itself inconsistent with the right to pursue arbitration. But what if there is the carve out that they – or the disclaimer essentially saying that we are not disclaiming our right to arbitrate. So, therefore, that doesn't make that motion to dismiss dispositive. So Martin also expressly addresses this in several of this court's cases. I'm not so sure how. So Martin says a reservation of rights is – you can't just say you're reserving your right and that's enough. And I'll note this court has said it repeatedly. So it's in Hill. It says a party cannot, quote, truly, quote, claim to be interested in preserving his right to an arbitration forum if he instead relies on the judicial process. I mean they do – they say those, but, I mean, it doesn't say what type of reservations count or what doesn't count. It's just a throwaway line essentially, right? I mean I'm not sure that it's a throwaway line and that this court has repeated it. You're right that it doesn't say exactly what kind of reservation counts. So that's why I'm wondering like in here we all agree that they didn't have – that they clearly knew some arbitration agreement existed, but they didn't know which one. So I'm just wondering why that would – not – that rule shouldn't apply in this case where they didn't know for sure that there was an – which arbitration agreement applied. And so reserving and then noting that seems like that's different than what the other cases we were talking about. So I think there are two reasons. So in the – just on the cases we've talked about, so I think that was true in Hill, for example, which made, again, the same point about the reservation of rights because Hill was – that's a question of class certification. And the question was a moving to compel arbitration of the class. And before the class was certified, there was no possible way that the defendant in Hill could know which arbitration agreement applied to which members of the class or if there would be any arbitration agreement governing anybody in the class at all. And still – and there was a reservation of rights, so it's in fact a – I think a more extreme circumstance than here because here what they're saying is we knew we had a right to arbitration, but we didn't know if we were going to compel under the 2018 terms or the 2022 terms. In Hill, you don't know until class certification whether there's anybody at all who you would be able to compel arbitration against, let alone what terms, what percentage of the class. So I think that is one example where this court held no reservation of – reservation of rights doesn't count. I think it's an unpublished decision, but support community is another decision. Oh, Hill's the unpublished one. Yeah, okay. Sorry, Hill is published. There's an unpublished decision, which is basically on all fours with this case. It's called support community. There was removal and a motion to dismiss and a reservation of rights, and the court says that's not enough. And in fact, with the reservation of rights – so that's – so to answer your specific question, there are certainly cases that are similar, if not more extreme. But I also want to know – I thought – I know I read Hill a while ago, but I thought that was dealing with whether or not they had to bring it before the CLACS action or after the CLACS action. That's right, and so the – And I thought the forfeiture was the fact that they thought they could wait until after CLACS action. That's right. So I wanted to see – there are two – there are two things. So that's different than here, just a motion to dismiss with the reservation and a little bit of uncertainty on the arbitration agreement. That's right. It's not exactly the same conduct, but I think the same principle applies. And I think one of the things that's confusing is there are two different arguments they're making. They're making a knowledge argument – we didn't know enough – and then there's a question of what is inconsistent enough to count.  And so, you know, I think the argument about reservation goes to what's inconsistent enough. And in a CLACS action, if you're talking about unnamed CLACS members, the inconsistent acts are, of course, going to be different because you can't move to compel arbitration until you have a CLACS certified. So the question of what's inconsistent is going to be different. But the principle of it is inconsistent to ask – to invoke the judicial machinery on claims that are going to be arbitrable, that principle is the same. And I think HIL stands for that principle. I also think support community stands for that principle. And there are cases in other circuits, too, that say the same thing. In fact, I think every circuit that has addressed this question has said the same thing. And then their argument about the usernames, I think that really goes to knowledge, which is what they're saying is if we don't know what arbitration agreement applies here, we can't move to compel arbitration yet. And therefore, we don't have – we can just wait. We can seek a decision on the merits. We don't have to do anything to try to figure that out. It is not inconsistent to just wait until we decide that we want to get that information. We've decided now we want to get that information, and then we can move to compel arbitration at any time. And that is, I think, this court and every court that has considered that has rejected that argument. And – Well, where's that – what's the basis of that? So the – So you're saying that they had to compel a discovery in order to not waive their right. I am saying – so I want to split two things. So I'm saying that what – I think what they're arguing is to have sufficient knowledge for the waiver analysis to kick in, we have to know exactly what arbitration agreement we are compelling arbitration under, and we have to have the – every fact we would need to win an arbitration. I think that is – one, I think that's actually satisfied here, and I'm happy to explain why as a factual matter. But as a legal matter, I think that can't be right and that this court has rejected it and says every court – and I'll just give a few examples. So Hill is one example. Before a class is certified, you can't possibly know which arbitration agreement is going to apply to which members in the class if there are any defenses. And what Hill says is the knowledge that's required is the knowledge that someone who agreed to your terms would be subject to arbitration, not whether any particular person in the case agreed to those terms. I think the Houghton case from this court is almost exactly on point, except there the defendant had even less knowledge than here. There the defendant was relying on an arbitration agreement on the terms of service between the plaintiff and a totally different company. So I just read Hill a little more ambiguously. It says we have never suggested that for waiver purposes, knowledge of an existing right to arbitrate requires a present ability to move to enforce an arbitration agreement. Is that what you're referring to? No, I'm referring to there's an additional part of Hill, and I unfortunately don't have the exact pin site, but the reason Hill said that there was knowledge there is because the company knew that there was a right to compel arbitration against signatories to its terms. That's the part of Hill that talks about knowledge, and I think it's helpful here. The thing that the company knew was not I can compel any particular plaintiff. The thing the company knew was if you agreed to our terms, then I have the right to compel arbitration, and that's enough. That's exactly what Roblox knew here. I'll also note that every other circuit, and I think in Houghton what this court held was even less because in Houghton the defendant didn't know whether the plaintiff had agreed to terms. The defendant knew that the plaintiff had bought cryptocurrency on somebody else's platform and that that platform had terms with an arbitration clause, and that, this court said, was enough for knowledge. In Valley, the Third Circuit says what is required for knowledge is that you have to be on notice that a claim could be arbitrable. That right doesn't need to be certain, and that's what the court held in White. That's the Third Circuit. The court held the same thing in Parker. That's the Eighth Circuit. Hooper, same thing, Eighth Circuit. And the reason for that, the reason the knowledge requirement, the reason the waiver requirement kicks in once you're on notice as opposed to once you have full knowledge is because once you have that notice, taking advantage of the judicial forum anyway rather than doing everything you can to move the case into arbitration is inconsistent. with your right to arbitrate. If you don't have, if you're not on notice that there could be an arbitration clause, moving to dismiss on the merits isn't inconsistent. So what you need is some notice that an arbitration clause could apply. And here, I think there was more than enough notice, and in fact, I think it's clear here that Roblox could have moved to compel arbitration from the very beginning. So what the complaint alleges is, and this is a quote, it's at the Supplemental Excerpts of Record 6, page 6, paragraph 20. What the complaint alleges is Mr. Uhl and his wife spent money on the Roblox platform. That's exactly what Roblox argues requires them to compel arbitration. Can I ask why was the username not provided at the outset? So I'll just, there's the username was asked for once before Mr. Uhl was a plaintiff. This is at ER 238. And the email said they need the usernames to confirm that the plaintiffs at the time, so these were not plaintiffs in the case anymore. The plaintiffs at the time are Roblox users and to assess the request that Roblox refund them for amounts spent on the platform. There's no mention of arbitration at all. And again, Mr. Uhl wasn't the plaintiff. So they didn't request usernames to compel arbitration. They said we need your usernames to assess your refund account of other plaintiffs. And the response was not no, we won't give them to you. The response was serve a discovery request. And it's in California State Court where upon service of the complaint, you can serve discovery requests. So there is no evidence at any time that Roblox actually sought this informal process that they're saying this court should rely on in addressing the waiver circumstance. What would you say Mr. Uhl wasn't part of the litigation at that point? He was not. So the complaint was later amended to include Mr. Uhl and the other plaintiffs were dismissed. And there is, you know, Roblox did not ask anything about the username, did not mention arbitration until after it hadn't gotten the ruling it wanted on the motion to dismiss on the merits. And then it sends an email that says, okay, we didn't, this part is not in the email, but we didn't get the decision we wanted on the motion to dismiss on the merits. Here's what the email says, quote, we have decided to move to compel arbitration. And then it says, we will need to conduct some targeted discovery. So in other words, without the usernames, they say we decided to conduct arbitration, to move to compel. So they think they can move to compel without the username, make the decision without the username. Then they said, please give us the username because that determines what agreement we have, not whether we have a right to arbitrate, but under which agreement. And then it says we'll need to conduct some targeted discovery. In other words, we will move to compel and then we may need to conduct discovery. I think that email is the most damning for Roblox. I think that's right. And I'll note in their reply to what the, you know, this is at on page 23 of the reply. What Roblox says is it doesn't say they needed to know the username to know whether they agreed. It said they needed to know the username to know which agreement applied. In other words, they've known they have, you know, on their view of formation, they know they have a right to compel arbitration. They just needed to be able to, they wanted to be able to identify under which agreement. And what they say, I think what I understand Roblox to be saying is, well, it would be a Rule 11 violation for us to compel arbitration without that. I think that would mean that defendants across the country are committing Rule 11 violations all the time because their argument is it doesn't matter which agreement you agree to. In every agreement, there is an arbitration clause. And they even quote. Well, you could. So you've seen that happen. So you could file a motion to compel and say there is an arbitration agreement. We don't know which one because I don't know. I don't know if that exists or not. It does seem odd. I think you could say. So what Roblox says is, you know, every possible terms of service has this arbitration agreement. And I think you could move to compel arbitration that says every possible terms of service that you could have signed has an arbitration agreement. And then you could include in that a request for discovery, which is if that's not enough, give us discovery. I think that's what Napke says it should happen. And I'll note in Napke, the question was actually this question basically, which is or actually is a worse version of this question. In Napke, the argument was a quite adventurous argument, I think, which is the plaintiff agreed to arbitrate because their attorney made an account on the service. That's different, though, because they knew which agreement was that issue. And it's just a question of whether or not he signed it. Right. Or the attorney's representative, the attorney's signature can be attributed to the client. Right. Which means that the motion to compel arbitration could not possibly have been granted in that case without discovery. Right. As opposed to. It's different, though, because they knew there was an arbitration with they knew exact language, which arbitration agreement is that issue. It's just a question of whether or not the plaintiff signed it. So that seems different than this case. I agree it's different, but I actually think it's a much harder case. I think of this case, if it's a if it's a rule 11 violation to do that. Right. So so I think, you know what? Your friend, the other side mentioned and I know your counsel at the district court that there was some hint that when they wanted some targeted arbitration related discovery, plaintiff's counsel suggested then they have to have full merits discovery. I am not sure about that. What I will say is the email says to, you know, to other about other plaintiffs before the complaint was served. We would like these usernames to see if we should give them a refund. And the response says service code discovery request. I'll also note that it is very common, including in this case, that district courts will order limited arbitration related discovery. And so if if what happens is the plaintiff says, I am moving to compel arbitration or I believe I can move to or the defendant says, I believe I can move to compel arbitration. Please give me X or Y. That's what we need. And the plaintiff says, you know, go pound sand or the plaintiff says, sure. But then we're going to take all of the discovery that we think we're going to need on the merits. I think two things would be true. One, it would not be difficult for the defendant to then go into the district court and say, please require them to give me these two things. I think virtually every district court in America would say yes. The second thing is if the district court says no, then maybe the inconsistency analysis is different, which is to say if the defendant takes the really easy step of going to the court and saying, I need this one thing. The problem with your argument, it's totally reasonable. What you're saying is the problem is I don't think there's any case that says failure to do that constitutes a waiver. So there are a number of cases, I think, that say. So, again, I want to disentangle two things. So so one question is, was did they know enough? And I think the answer to that is, yes, there's no dispute that they knew enough that they could have done that. So then the question is, is it just inconsistent with the right to pursue arbitration to not do that? I think Houghton says that. I think. Well, I think it's the combination. They didn't do that. They had enough. They could have filed a motion or they could have asked for limited discovery. They didn't do that. And they filed a motion to dismiss not on technical ground or not for lack of jurisdiction, but on the merits. So they actually asked the district court to rule on the merits of the adequacy of the complaint on the merits. Correct. Correct. And that is the combination of those. And then they waited until they got a decision on the merits before they moved to compel arbitration. And that, I think, is my understanding, is the whole universe of things, adequate knowledge, failure to either. To the extent there was a gap in knowledge, they could have moved for discovery. They didn't do that. They had enough knowledge. They didn't do either of the things. Plus they moved for a substantive decision, waited for a decision on the merits. And that universe of things is, under our precedent, a waiver. I think that's exactly right. The thing that is inconsistent that this court and courts across the country have held is the motion to dismiss on the merits, which makes sense, right? A right to compel arbitration is, I would like an arbitrator to decide this thing. And a motion to dismiss on the merits is, court, I would like you to decide this thing. And, in fact, I would like a decision on this thing that will be precedential for the future cases against me that are bringing the same claims here, which you don't get in arbitration. And so then the question is just, is that saved somehow? Because they didn't have the usernames. And I don't think there is any case that says you save it somehow because you didn't have the usernames. And this was a legal argument and a factual argument. The legal argument, I think if you look at Houghton in this court, I think if you look at cases in other courts, for example, the White v. Samsung case basically says that. There was later conduct, too. But what the court says is just because you didn't have the serial numbers, the model numbers, what you should have done is you should have gone out and gotten them. Same thing Smith says. There's two parts of Smith. One is about what happened once they got the information. But part of Smith says you have an obligation to investigate if you are on notice that there is a right to compel arbitration. And the reason for that is the right to compel arbitration is the right to push something out of court as soon as possible and the right to have someone else decide the merits. So if instead what you do is have the court decide the merits and then you push it out, that is inconsistent with the right to compel. The last thing that I think I heard Roblox argues is this is somehow a violation of the equal treatment principle under the Federal Arbitration Act. And I'd just like to briefly address that. The Eighth Circuit has explicitly rejected that in PON America. So I think if this court accepted that argument, it would be splitting with the Eighth Circuit. I'll also note that the Federal Arbitration Act itself says that a district court may not compel arbitration if the party seeking arbitration is in default of proceeding. That is, if it has failed to take sufficient action to preserve its right to compel arbitration, to seek the information it needs to compel arbitration. And it's very difficult to see how the Federal Arbitration Act could preempt something that is in the text of the Federal Arbitration Act. I'll also note a couple other things. You'll wrap it up. I know we asked you a lot of questions. Unless this court has any further questions, I'll thank you. Thank you. Thank you, Your Honor. My friends said a lot of things that I'd like to respond to. First of all, let me start. Two tests, right? Actual knowledge, action, and consistent. With respect to action and consistent, my friend cited a bunch of cases. New Earth was a case. I think it's important not to look at just the words that the court used in stating a test, but what actually happened. In New Earth, the party filed an arbitration motion and then withdrew it, and the court said that, and then went on to engage in lots of in-court litigation. Very different from this case. In Martin, 17 months of litigation. Not until a year did the party raise the issue of arbitration. In Hill, very different facts. What the court said in Hill was critical is there were two arbitration agreements. This was an employer case. The employer had all the agreements. What the court said was critical is there, the defendant was raising the 2012 arbitration agreement in connection with the class certification proceedings, said nothing about an earlier arbitration agreement that it knew applied to some of the employees because it had all of the arbitration agreements. It said that shows that it had knowledge. So, again, very different facts than the facts here. In Samsung, my friend cited, in Samsung, the court specifically pointed out that Samsung had, in 2018, the serial numbers and the model numbers. It knew who would arbitrate it based on that information. It knew that there was an arbitration agreement. In Houghton, I'd urge the court to look at footnote six of the district court's opinion where the district court says these people, the defendants here knew that there were arbitration agreements because of the way that platform worked and their familiarity with the platform and also their lawyers' familiarity with the platform. Again, facts that are not present here. So, I think whatever the language the court may use, the facts of the cases that my friend cites are quite different and very, very, very different. Can you address that email, the one where – my problem with the case is that that email could have happened on day one, right? And then we wouldn't be here. Which email? I'm sorry. The email where Roblox announces they're going to move to compel arbitration and either you give us a username or we're going to ask for a discovery. Yeah, I mean look. I think at some point obviously a party has to do something. I think just to address one other thing my friend said about the email that happened during the state court proceedings. Of course, in the footnote, in the motion to dismiss in federal court, Roblox specifically said we'd like to get the username so that we can arbitrate. I think that put everybody on notice that what Roblox wanted to do was to arbitrate and had an outstanding request for the information. I don't know what more could have been done, and I think the question is the question that we were discussing before, which is, is there an obligation to formally move to discovery? We don't know what more could have been done. There are many things that could have been done. But what was obligated to be done under this court's precedence? This court has never said, contrary to what my friend says, this court has never said that the mere filing of a motion to dismiss with a merits argument per se is the waiver of arbitration. In fact, there are cases that reject that argument, and there are not cases that adopt that argument, whereas here the arbitration right is specifically preserved. The question is in that circumstance where the court has said we undertake a holistic inquiry, we don't focus on one fact, is that enough? And my friend relied on the Valley case for both aspects of waiver. In Valley, the Third Circuit found no waiver. So, again, a pretty important case. The court asked a question about merits discovery. I would point the court, this is a district court filing, ECF 91.2, at pages 13 to 15. It's an email exchange among the parties where Roblox says we'd like to, this is post the motion to dismiss, we'd like to engage in focused discovery. And the immediate response is, oh, no, we need a 26F conference, no focused discovery. True, the parties did eventually agree on focused discovery, but I think that makes the point that I was saying earlier, which is in this situation, there is that risk. I just want to make sure I've addressed all of my friends. The FAA default language, that language has nothing to do with discovery or not discovery. That language is totally irrelevant to the issue that's before the court in this case. My friend also said that the language in the complaint, spent money, was sufficient to provide the basis for an arbitration motion. Again, that language, just as the district court said that the declarations that were filed in response to discovery were artfully vague, that language, too, is artfully vague. What it says is money was spent. It doesn't say that Mr. Ewell or his wife were the people who engaged with the platform. And in fact, the subsequent argument, of course, was that they didn't and that their children did and that their children weren't authorized. So the idea that based on the complaint, it would have been possible to file a motion to compel is just plain wrong because we would have been met with the very same arguments that we're met with here. And so I think sort of stepping back, focusing on waiver knowledge, the court has never had a case where it is said that just suspicion is enough. We cite some district court cases specifically rejecting that argument. Every single case, and we go through them in our brief, in which the court has said there was sufficient notice to satisfy that prong of waiver, there has been actual knowledge. So this court would be really changing the rules retroactively to say that that is not enough. And with respect to action inconsistent, as I said, the court has never said the mere filing of a motion to dismiss is enough, even on the merits. And here we think where, A, the issue was flagged, B, immediately after the motion to dismiss, as soon as the information was provided that had been requested for more than a year, the arbitration motion was immediately filed. This wasn't a case where someone was playing along as in the court's prior cases in which the court has found action inconsistent. Great. Thank you both for the very helpful argument. The case is submitted and we are adjourned for the city. All rise.
judges: LEE, BUMATAY, SUNG